UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 19-224-DLB

SAMUEL LAWRENCE WOOD                                                    PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

ANGEL WILSON, et al.                                                   DEFENDANTS

*** *** *** ***

Plaintiff Samuel Lawrence Wood, proceeding without an attorney, filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. (Doc. # 1). Wood has paid the $400.00 filing fee. (Doc. # 4). At the time of filing, Wood was a federal inmate confined at the Federal Correctional Institution ("FCI") Manchester located in Manchester, Kentucky.[1]

Because Wood is a prisoner seeking redress from a governmental entity, the Court must conduct a preliminary review of Wood's complaint pursuant to 28 U.S.C. § 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). At this stage, the Court accepts the plaintiff's factual allegations as true. *Bell Atlantic Corp. v.*

---

[1] Wood is now in the custody of the Michigan Department of Corrections but has not provided the Court with his new address. (Doc. # 5).

1

*Twombly*, 550 U.S. 544, 555-56 (2007). In addition, the Court evaluates Wood's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wood's Complaint alleges that, starting in 2014, the medical staff at FCI Manchester ignored his complaints related to pain, swelling, open sores, and skin discoloration on his neck and head that Wood attributes to a cyst or tumor. (Doc. #1 at 3–6, 9–11); *see also* (Doc. # 1-1 at 1–14). He also alleges that staff refused his repeated requests to order an MRI or a CT scan. (Doc. # 1 at 4, 7–8, 10, 12); *see also* (Doc. # 1-1 at 1–14). He further claims that Defendant Mary Willard improperly diagnosed him with "a falsification mental health delusional psychotic disorder." (Doc. # 1 at 13–14). Based on these allegations, he alleges negligence and Eighth Amendment claims against the United States and the following individual staff members at FCI Manchester: Angel Wilson (Health Services Administrator, RN), Della Thomas (APRN), Crystal Scott (Mid-Level-2 PA), Edward Perkins (MD, C/D), and Mary Willard (Chief Psychology, PhD). *Id.* at 14–19.

Wood's Eighth Amendment claims against the individual medical staff members, however, are barred by the doctrine of res judicata. Wood previously filed a Complaint in this Court alleging that these same Defendants (Wilson, Thomas, Scott, Perkins, and Willard) violated his constitutional rights because they "failed to listen" to his complaints about a "growth, cyst, or tumor" causing secretions on the top of his head, headaches, tenderness, and pain, which is the same condition giving rise to his claims in this case. *See Wood v. Wilson*, 6:18-cv-210-KKC, Doc. # 1 (E.D. Ky. 2018). The Court dismissed Wood's Complaint on initial screening pursuant to 28 U.S.C. § 1915A, finding that Wood

failed to state a claim for a violation of the Eighth Amendment. *Wood*, 6:18-cv-210-KKC, Doc. # 11.[2] Specifically, the Court found that Wood's allegations of "failure to listen" and misdiagnoses of his condition sound in ordinary medical malpractice and do not allege conduct rising to the heightened level of subjective culpability required to state a viable Eighth Amendment claim (i.e., intentionally disregarding a risk to Wood's health or safety). *Id*. In addition, Wood attached "more than one hundred pages of medical records and other documents [to that Complaint] that collectively suggest the defendants were attentive to Wood's concern about the cyst and, further, that the defendants arranged for certain treatment for Wood, repeatedly." *Id*. at 3. Because it was apparent that Wood simply disagreed with the diagnosis and treatment he was provided, and disagreement of the appropriate diagnosis or resultant care does not rise to the level of a constitutional violation, the Court found that Wood failed to allege the necessary elements of an Eighth Amendment claim and his complaint was dismissed. *Id.* at 4, citing *Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002).[3]

Wood appealed the dismissal of his complaint to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed, finding (on de novo review) that:

> The district court was correct in concluding that Wood failed to state a claim under the Eighth Amendment. Wood would have to show that defendants perceived a serious risk of harm to his health and disregarded it; some incompetence by defendants in their treatment of him would not rise to the level of a constitutional violation. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The documents Wood provided show that the medical staff has repeatedly investigated his concerns and found them unsubstantiated.

---

[2] Wood also paid the filing fee in his previous case; thus, his Complaint was screened pursuant to 28 U.S.C. § 1915A only, and not pursuant to 28 U.S.C. § 1915(e), because he was not proceeding *in forma pauperis*. *Wood v*, 6:18-cv-210-KKC, Docs. # 9, 10, 11.

[3] The Court did not indicate whether this dismissal was with or without prejudice. *Wood*, 6:18-cv-210-KKC, Docs. # 11, 12.

3

*Wood v. Wilson*, No. 18-6150 at 2 (6th Cir., Mar 22, 2019).

Thus, Wood previously presented the same Eighth Amendment claims against Wilson, Thomas, Scott, Perkins, and Willard that he presents again here and his claims were dismissed. The Sixth Circuit has explained that:

> Res judicata generally includes two separate concepts—claim preclusion and issue preclusion. Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in foreclosing a subsequent *claim* that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated.

*Mitchell v. Chapman*, 343 F. 3d 811, 818 n.5 (6th Cir. 2003) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). A claim is barred by res judicata:

> if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Here, Wood's Eighth Amendment claims against these same Defendants (Wilson, Thomas, Scott, Perkins, and Willard) were previously dismissed for failure to state a viable claim, partially based on documentation that Wood submitted to the Court that showed that his Eighth Amendment claims were without merit. In addition, the dismissal of Wood's claims was affirmed on appeal, also based on the Sixth Circuit's finding that the documents submitted by Wood "show that the medical staff has repeatedly investigated his concerns and found them unsubstantiated," thus the Defendants' treatment of him did not rise to the level of a constitutional violation. *Wood*, No. 18-6150

4

at 2. Thus, Wood may not re-assert these claims based on the same factual allegations against these same individual Defendants in this case.

Moreover, even if Wood's claims were not barred, this Court would independently dismiss his Eighth Amendment claims against Wilson, Thomas, Scott, Perkins, and Willard for the same reason that they were previously dismissed—his Complaint fails to state a cognizable Eighth Amendment claim against any of these Defendants. "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

In his Complaint filed in this case, Wood continues to base his Eighth Amendment claims on his dissatisfaction with the diagnosis that he received and the treatment provided, specifically the medical providers' refusal to write a referral for the MRI, CT scan and/or ultrasound that Wood believes was warranted. *See* (Doc. # 1). Although he now characterizes his claim in terms of a "refusal" to provide him treatment, this claim is substantively no different from his previous claim that the providers "failed to listen" to Wood regarding his condition and refused to write the diagnostic referrals that Wood believed were warranted. *Id.*

5

Moreover, Wood's re-characterized allegations that he was "refused" treatment are flatly refuted by the medical records that he previously submitted with his original complaint. *Wood*, 6:18-cv-210-KKC, Doc. # 1.[4] It is true that, in considering whether a complaint fails to state a claim for which relief may be granted, the Court must view all facts in the light most favorable to the plaintiff. However, "'if a factual assertion in the pleadings is inconsistent with a document attached for support,' a court is not bound to accept as true the plaintiff's factual allegation." *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)); *see also Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) ("We accept as true all factual allegations, but not legal conclusions or unwarranted factual inferences.") (quotation and citations omitted); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) ("Thus, a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.").

In light of the 100+ pages of medical records that Wood previously submitted to the Court, Wood cannot dispute that the individual medical providers examined him and

---

[4] The Court may "take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969); *see also* FED. R. EVID. 201(b)(2). In addition, although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

evaluated his medical condition, specifically his complaints related to a cyst on his scalp.[5] Indeed, it remains clear that, rather than "refusing" Wood health care, the Defendant medical providers simply did not provide Wood with the medical diagnosis and related treatment (i.e., an MRI) that Wood believed was warranted. However, while Wood may have disagreed with the diagnosis provided, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (alteration in original) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)); *see also Durham v. Nu'Man*, 97 F. 3d 862, 868–69 (6th Cir. 1996). Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F. 3d at 703.

Because Wood's Complaint fails to allege that the individual Defendants acted with the subjective culpability required to state a claim for an Eighth Amendment violation—i.e., that they denied or delayed treatment for an objectively serious medical condition—he again fails to state a claim for which relief may be granted against either Wilson, Thomas, Scott, Perkins, or Willard. Thus, even if his Eighth Amendment claims against these Defendants were not barred by res judicata, the Court would independently dismiss these claims for failure to state a claim.

---

[5] *See Wood*, No. 6:18-cv-210-KKC, Doc. #11 at 3 (citing to specific records noting inspection and treatment, including an x-ray, of Wood's scalp); *see also Wood*, No. 18-6150 at 2 (noting that "the medical staff has repeatedly investigated his concerns and found them unsubstantiated").

In addition, to the extent that Wood now seeks to assert an Eighth Amendment claim against the United States (the only Defendant against whom he did not previously assert his constitutional claim), such a claim may only be pursued under *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens*, 403 U.S. at 397. However, while *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Thus, Wood may not bring a *Bivens* claim against the United States. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Accordingly, Wood's Eighth Amendment claim against the United States will be dismissed.

Wood's Complaint also alleges a negligence claim under the FTCA, a claim that was not made in his prior complaint. The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990) (citing 28 U.S.C. § 2679(a)). In addition, the Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from tort liability for actions taken within the scope of their employment. *Roberts v. United States*, 191 F. App'x 338, 341 (6th Cir. 2006). Thus, to the extent that Wood brings his negligence claims directly against Wilson, Thomas, Scott, Perkins, and Willard, these claims will be dismissed. Accordingly, the United States of America is the sole remaining Defendant in this action.

Having dismissed all but Wood's FTCA claim against the United States, the Court finds that a response is required from the United States before this matter may proceed further. In light of Wood's current incarceration, the Court will direct the United States Marshals Service ("USMS") to serve the Summons and Complaint on Wood's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, it is **ORDERED** as follows:

(1) To the extent that Wood's Complaint (Doc. # 1) asserts claims under the Eighth Amendment, these claims are **DISMISSED**;

(2) To the extent that Wood's Complaint (Doc. # 1) asserts claims under the FTCA against Defendants Angel Wilson, Della Thomas, Crystal Scott, Edward Perkins, and/or Mary Willard, these claims are **DISMISSED**. The Clerk of the Court shall **TERMINATE** Wilson, Thomas, Scott, Perkins, and Willard as Defendants in this action;

(3) The Deputy Clerk shall prepare a "Service Packet" for service upon the United States of America. The Service Packet shall include:

a. a completed summons form;

b. the complaint, (Doc. #1);

c. this Order; and

d. a completed USM Form 285.

(4) The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

(5) The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United

States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C;

(6) Wood must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**;

(7) If Wood wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Wood files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 4th day of March, 2020.

Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\PSO Orders\19-224 Wood Screening Order.docx