**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 19-224-DLB**

**SAMUEL LAWRENCE WOOD**                                                 **PLAINTIFF**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**UNITED STATES OF AMERICA**                                             **DEFENDANT**

*** *** *** ***

Plaintiff Samuel Lawrence Wood is an inmate formerly confined at the Federal
Correctional Institution ("FCI")-Manchester located in Manchester, Kentucky. Proceeding
without an attorney, Wood previously filed a civil rights action against prison officials
pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and
the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. (Doc. # 1). In a
prior Order, the Court dismissed Wood's *Bivens* claim and ordered service of process
upon the United States on the FTCA claim.[1] (Doc. # 6).

The United States has filed a motion to dismiss the complaint or, in the alternative,
motion for summary judgment, on the grounds that the complaint is untimely. (Doc. # 24).
Wood has filed a response (Doc. # 39) and the United States has filed a reply. (Doc. #
31). Thus, this matter has been fully briefed and is ripe for the Court's review. For the
reasons set forth herein, the United States' motion is **granted**.

---

[1]      Specifically, the Court found that Wood's *Bivens* claims are barred by the doctrine of res
judicata and, even if they were not barred, the Court would independently dismiss them for failure
to state a claim. (Doc. # 6).

1

**I.**

Wood's complaint alleges that, since 2014, the medical staff at FCI-Manchester has ignored his complaints related to pain, swelling, open sores, and skin discoloration on his neck and head that Wood attributes to a cyst or tumor.  (Docs. # 1 and 1-1).  He also alleges that, since 2014, prison medical staff have refused his repeated requests to order an MRI or a CT scan to further examine his claimed cyst or tumor.  (*Id.*).  He further claims that medical staff improperly diagnosed him with "a falsification mental health delusional psychotic disorder." (*Id.* at 13-14).  Based on these allegations, Wood claims that BOP employees have negligently misdiagnosed his medical injury (referring to the lymph cyst or tumor under the lining of his scalp) and his mental health disorder and that his medical treatment has fallen below the appropriate standard of care.  He seeks to pursue his negligence claims against the United States pursuant to the FTCA.  (*Id.*).

**II.**

The United States moves for dismissal of Wood's complaint because Wood failed to timely present his administrative tort claim to the appropriate agency as required by 28 U.S.C. § 2401(b), and thus his claim is barred.  (Doc. # 24).   The United States argues that dismissal is appropriate both for lack of subject matter jurisdiction and for failure to state a claim.  *(Id.)*.  Where, as here, a party contends that the factual allegations of the complaint, even if assumed to be true, fail to establish the court's subject matter jurisdiction over the plaintiff's claims, that party presents a facial attack upon the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007); *Gentek Bldg. Prods. v. Sherwin–*

*Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A district court assesses the validity of such a motion using the same approach used to evaluate a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Wood is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, Defendant moved both to dismiss and for summary judgment, attaching and relying upon declarations extrinsic to the pleadings in support of its motion. (Doc. #24). Thus, the Court will treat Defendant's motion to dismiss the complaint as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of

law.  *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014).  The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim."  *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

### III.

Wood brings his tort claims against the United States pursuant to the FTCA.  The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for negligent or wrongful acts or omissions of its employees while acting within the scope of their employment.  *See* 28 U.S.C. § 1346(b)(1).  *See also United States v. Orleans,* 425 U.S. 807, 813 (1975); *Fitch v. United States,* 513 F.2d 1013, 1015 (6th Cir.1975).  The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees.  28 U.S.C. § 2679.

However, the FTCA permits the exercise of subject matter jurisdiction over a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request.  28 U.S.C. § 2675(a); *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008).  In addition, the FTCA contains its own statute of limitations, which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401 (emphasis added).  To maintain a suit under the FTCA,

a plaintiff must meet both of these requirements.  *See Ellison v. United States*, 531 F.3d 359, 362 (6th Cir. 2008) (noting that § 2401 "plainly contemplates that one act (the administrative filing) will precede the other (court filing) and thus most naturally requires claimants to satisfy both deadlines").

On April 29, 2019, Wood filed a Form SF-95, *Claim for Injury, Damage, or Death*, with the Bureau of Prisons ("BOP") claiming "negligence malpractice" based on his allegations of misdiagnosis of a growth of a "lymph cyst tumor," misdiagnosis of a serious mental disorder, and delay and denial of medical treatment.  (Docs. # 1 at 3 ¶ 16 and 1-1).  While Wood's administrative tort claim form broadly refers to his medical care "during the frames on 2014 to 2019," he specifically identifies June 15, 2015 as the "Date and Day of Accident."  (Doc. # 1-1 at 1).  The BOP denied Wood's claim for administrative settlement of his claims on May 30, 2019, explaining that his claim was filed beyond the applicable two-year statute of limitations as provided by 28 U.S.C. § 2401(b) and was therefore untimely.  (Docs. # 1 at 3 ¶ 18 and 1-1 at 15).  Wood then filed his complaint in this action on September 17, 2019.[2]

In its motion to dismiss, the United States argues that Wood's tort claims are barred by 28 U.S.C. § 2401, as he failed to present his tort claims for administrative settlement to the BOP within two years from the date that his claims accrued.  The Court agrees.

Under the FTCA, a claim accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting

---

[2]      Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court.  *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters).  Ordinarily, the Court presumes that this occurs on the date the complaint is signed.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Wood signed his complaint on September 17, 2019.  (Doc. # 1 at 19).

the injury may constitute negligence or medical malpractice." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (citing *United States v. Kubrick*, 444 U.S. 111, 123 (1979)). In *Kubrick*, the United States Supreme Court explained that a plaintiff "in possession of the critical facts that he has been hurt and who has inflicted the injury," is "no longer at the mercy" of the putative defendant, as "[t]here are others who can tell him if he has been wronged, and he need only ask." *Kubrick*, 444 U.S. at 122. For this reason, the Supreme Court concluded that it could not

> hold that Congress intended that "accrual" of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*Id.* at 123.

Wood's complaint is clear that he knew of his scalp condition, and that the BOP medical staff had concluded that it did not require further treatment, as far back as 2014. (Doc. # 1 at 3-4). Similarly, Wood alleges that BOP medical staff have denied his repeated requests for an MRI beginning in 2014. (*Id.* at 4). With respect to his claim that he has been misdiagnosed with a mental health disorder, while Wood's complaint does not specify the date of this diagnosis, Defendant has submitted documentation that Wood was seen for an assessment of his mental health status and the possibility of psychotic symptoms on September 21, 2015, at which time Mary Willard, PhD, noted that, while his "[t]hought processes were organized . . . [his] thought content was paranoid/delusional in nature," and "there appears to be a possible psychotic disorder." (Doc. # 24-2 at 147, Attachment E, Diagnostic and Care Level Formulation dated 9/21/2015). After this

6

assessment, Willard indicated that Wood "will have his mental health care level increased to reflect his current mental status/clinical picture." (*Id.*). While Wood continues to dispute the validity of the diagnosis in his response, he does not dispute this diagnosis date. (Doc. # 30-1 at 7-8). Finally, the SF-95 Form completed by Wood and submitted to the BOP on April 29, 2019 specifically identifies June 15, 2015 as the "Date and Day of Accident." (Doc. # 1-1 at 1).

Thus, Wood's own allegations establish that he had knowledge of an actionable medical condition with respect to his scalp injury since at least 2014. He also does not dispute that he has been aware of his mental health diagnosis since he was diagnosed in 2015. Therefore, Wood's claims based on his allegations of negligent medical care for the wound on his head accrued no later than 2014, when he was aware of the pain and swelling from the wound, as well as the fact that medical staff had declined his request for an MRI. Further, Wood's claim based on his allegation that he was incorrectly diagnosed with a mental health condition accrued in 2015, when he became aware of the alleged misdiagnosis. However, Wood waited until April 2019 to submit his administrative tort claim to the BOP, long after the applicable two-year limitations period under § 2401(b) had expired. Wood's claims are therefore time-barred.

In his response, Wood argues that his medical records show that he was also evaluated by medical staff for his complaints related to his scalp condition on April 16, 2018; April 19, 2018; June 11, 2019; and June 27, 2019, and that staff continued to deny him treatment. (Doc. # 30-1 at 4-7). However, none of these examinations are referred to by Wood in his administrative tort claim filed in April 2019, and, in fact, two occurred after Wood's claim was filed. (Doc. # 1-1). "Although an administrative claim need not

7

propound every possible theory of liability in order to satisfy [the presentation requirement of 28 U.S.C. § 2675(a)], . . . a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citations omitted); *see also Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991).   Moreover, at no point does Wood allege that he was not aware of his scalp injury—or of the medical staff's determination that no further treatment was required—until these 2018 and 2019 medical visits.   To the contrary, his own allegations are clear that he was aware of his injury (and the lack of treatment for his alleged injury) as far back as 2014.   Thus, there is no reason to conclude that Wood's medical negligence claims accrued at any date later than the date that he was aware of his injury, which his own allegations establish was in 2014.

Wood also states that he "has properly exhausted his agency claims under the Formal FTCA procedure" by using the "prisoner grievance procedures available at FCI Manchester." (Doc. # 30-1 at 2).   Wood then refers to various administrative grievances that he filed with prison officials in 2018 related to his claims raised in this complaint. However, Wood's filing of grievances pursuant to the BOP's Inmate Grievance Program are irrelevant to his presentation of his administrative tort claim to the BOP as required by the FTCA.   The FTCA has its own administrative remedy requirements, separate and apart from the types of claims that may be brought after exhaustion of remedies related to a prison grievance.   Thus, whether or not Wood may have exhausted his administrative remedies with respect to any *Bivens*-type claims he may have had has no bearing on whether or not he complied with the FTCA's presentation requirement.   *Brockett v. Parks,* 48 F. App'x. 539, 541 (6th Cir. 2002); *see also Clay v. United States,* No. 05–cv–599-

KKC, 2006 WL 2711750, at *12 (E.D. Ky. Sept. 21, 2006).  Thus, Wood's arguments are unavailing.

For all of these reasons, the Court finds that Wood failed to present his tort claims to the BOP within two years from the date that they accrued as required by 28 U.S.C. § 2401(b).  Thus, his claims are untimely and his complaint will be dismissed.

Accordingly, **IT IS ORDERED** as follows:

(1)     The Motion to Dismiss, or in the Alternative for Summary Judgment, filed by Defendant the United States of America (Doc. # 24) is **GRANTED**;

(2)     Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(3)     This matter is **STRICKEN** from the Court's active docket; and

(4)     A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 1st day of February, 2021.

Signed By:

_David L. Bunning_   DB

United States District Judge

J:\DATA\ORDERS\PSO Orders\6-19-224 Memorandum.docx

9